## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBBIN L. BANISTER,

      Plaintiff,

vs.                                   No. CV 21-00177 MIS/JHR

MRS. TRIVO,
MRS. CALAWAY,
MS. URBINA,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) on the Prisoner's Civil Rights Complaint filed by Plaintiff Robbin L. Banister (Doc. 1).  The Court will dismiss the Complaint without prejudice for failure to comply with Court orders and statutes and failure to prosecute this case.

Plaintiff, Robbin L. Banister, filed her Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 on February 26, 2021.  (Doc. 1). Plaintiff did not pay the $402.00 filing fee. Plaintiff did submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on February 26, 2021. (Doc. 2). However, the Prisoner's Motion was not signed, did not contain necessary financial information, and did not include a certified copy of Plaintiff's six-month inmate account statement. (Doc. 2).  On July 8, 2021, the Court ordered Plaintiff to cure these deficiencies in her filing within 30 days by submitting a signed application to proceed *in forma pauperis* in the form required by § 1915(a), including a certified copy of Plaintiff's six-month inmate account statement. (Doc. 3).  The

Court also sent Plaintiff the forms and instructions for submitting an application under § 1915.  (Doc. 3 at 2).  On August 5, 2021, Plaintiff submitted the form Application to Proceed supplied by the Court.  (Doc. 4).  However, the Application was still unsigned and did not include the required six-month inmate account statement.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Section 1915(a) provides that the Court may authorize commencement of a civil case without prepayment of fees:

> "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense, or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a).  The form application sent to Plaintiff by the Court with the July 8, 2021 Order contains the affidavit required by § 1915(a).  However, the affidavit is not signed by the Plaintiff.  (Doc. 4 at 1). Without the affidavit required by § 1915(a), the Court may not authorize Plaintiff to proceed with this action without prepaying the filing fee.

Similarly, § 1915(a)(2) states that "a prisoner seeking to bring a civil action. . .shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  The language of the statute is mandatory, and the Court may not allow Plaintiff to proceed *in forma pauperis* absent the required account statement.

Neither the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) nor the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) filed by Plaintiff Robbin Banister complied with the requirements

of § 1915 or with the Court's July 8, 2021 Order.  Therefore, the Court denied Plaintiff Banister leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and ordered Plaintiff to either pay the full $402 filing fee or show cause why the payment of the fee should be excused. (Doc. 5). The Order set a 30-day deadline and notified Plaintiff Banister that failure to pay the fee or show cause as required by the Order could result in dismissal of this case without further notice under Fed. R. Civ. P. 41(b). (Doc. 5 at 3).  More than 30 days has elapsed and Plaintiff has not paid the filing fee, has not shown cause why payment of the fee should be excused, and has not communicated with the Court since August 5, 2021.

Plaintiff Banister has failed to comply with the Court's orders, failed to comply with statutory provisions, including 28 U.S.C. § 1915, and failed to prosecute this action.  The Court may dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure or local rules, to comply with statutes, and to comply with court orders.  *Olsen v. Mapes*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes and Court Orders and failure to prosecute this case.

IT IS ORDERED that the Prisoner's Civil Rights Complaint filed by Plaintiff Robbin Banister (Doc. 1) is **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b).


**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE